UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| TOMMY KIRK ALBRITTON, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:17-CV-17-HSM-MCLC |
| | ) |
| HAWKINS COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**<u>MEMORANDUM and ORDER</u>**

Acting pro se, Tommy Kirk Albritton ("Plaintiff") brings this civil rights complaint under 42 U.S.C. § 1983, alleging that he has not been awarded the proper sentencing credits for his conviction in General Sessions Court [Doc. 2]. Plaintiff's application to proceed *in forma pauperis* is **GRANTED** [Doc. 1], and Plaintiff need not pay an up-front filing fee. Nevertheless, the Prison Litigation Reform Act of 1995 (PLRA), makes a prisoner, such as Plaintiff, responsible for paying the filing fee, 28 U.S.C. § 1915(b)(1), and he therefore is **ASSESSED** the full filing fee of three hundred, fifty dollars ($350).

**I. PAYMENT PROCEDURES**

The custodian of Plaintiff's inmate trust account at the institution wherein he resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds

$10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. 28 U.S.C. § 1915(b)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Payments should be sent to: The Clerk, United States District Court, 220 West Depot Street, Ste. 200, Greeneville, TN 37743. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the Hawkins County jail. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility.

## II. SCREENING and LEGAL STANDARDS

The Court must now screen the complaint to determine whether it states a claim entitling Plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A; *see also McGore*, 114 F.3d at 607 In performing this task, however, the Court recognizes that pro se pleadings filed in civil rights cases are construed indulgently and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure state a claim under [§§ 1915A(b)(1) and 1915(e)(2)(B)(ii)]

because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *See Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

The Court examines the claims under these guidelines.

### III.    LAW and ANALYSIS

Petitioner asserts that he entered the Hawkins County jail on May 18, 2015, to begin serving a sentence of 768 days, set to be served at 75%, and that his mittimus stated that he was to be given credit for time served. Judge Ross Todd, who presumably is the judge in the Hawkins County General Sessions Court, explained to Plaintiff on June 17, 2015, that he was to be given credit on his General Sessions conviction for time he had served, even though he had been serving a state sentence at that time. Plaintiff contends that, with the 227 days' credit towards his sentence which Judge Ross agreed that he should be awarded, he was due for release on May 9, 2016. Yet he was not released on that date and he remains in jail. Plaintiff has filed two requests to the timekeeper, but he still has not been released.

Plaintiff asks the Court to obtain and examine the recording from his June 17, 2015 court proceedings. Plaintiff would then like to file a lawsuit for the time he has been kept in jail past his true sentence expiration date. Plaintiff also requests the Court to arrange for either a personal visit or a phone call from a lawyer to discuss his predicament.

3

It is well settled law that the sole federal remedy for claims relating directly to the fact and duration of an individual's physical confinement lies in filing a petition for habeas corpus relief under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Plaintiff's request that the Court explore the merits of his claimed sentencing glitch relates directly to the duration of his confinement because a favorable finding would shorten the duration of his confinement. Because this kind of claim cannot be entertained in a civil action, *see Heck v. Humphrey*, 512 U.S. 477, 486 (1994) (referring to "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments"), and because such claims must be brought in a habeas corpus application, all such claims fail to state a claim entitling Plaintiff to relief in this civil suit.

The Court would add that a habeas corpus action will lie where a prisoner claims that he has been denied sentencing credits he has earned under a state's sentencing reduction programs and requests receipt of those credits. *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369 (6th Cir. 2001). However, habeas corpus relief will not be granted unless a petitioner has exhausted his available state court remedies, or available state corrective process is lacking, or resort to such process would be useless. 28 U.S.C § 2254(b)(1). The Court sees no indication in the complaint that Plaintiff has exhausted his state court remedies.

The Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a) and hereby **CERTIFIES** that any appeal from this action would not be taken in good faith. Hence, should Plaintiff file a notice of appeal, he should also submit an application for leave to proceed *in forma pauperis* on appeal and a certified copy of his inmate trust fund account reflecting the transactions in that account for the six months preceding the filing of the notice. 28 U.S.C. § 1915(a)(2).

4

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

    */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE